**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**GARY LEE BALDWIN**                                                      **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 3:12cv609-TSL-JMR**

**RANKIN COUNTY, MISSISSIPPI**                                         **DEFENDANT**

---

## REPORT AND RECOMMENDATION

---

This cause is before the Court on the motion of the Defendant, Rankin County, Mississippi, to dismiss [21] for failure to prosecute. On July 24, 2013, this Court entered an order to show cause, indicating that Baldwin had until August 8, 2013, to respond and indicate to the Court why this case should not be dismissed for failure to prosecute. [22.] That order was sent to Baldwin by certified mail. [22.] Baldwin returned the acknowledgment of receipt of this order on July 30, 2013. [23.] No response was submitted by Baldwin by the August 8 deadline, however.

Guided by the interests of justice, the Court reminds Baldwin that under FED.R.CIV.P. 41(b), the following applies:  "If the Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it". *Id.* The court also has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997).  In the words of the Fifth Circuit Court of Appeals:

> It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in

writing.

*Perkins v. King*, No. 84-3310, 759 F.2d 19 (Table), slip op. at 4 (5th Cir. 1985).

A plaintiff, incarcerated or not, has an obligation to inform the court of any address changes: "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." Uniform Local Rule 11.1; *see also Wade v. Farmers Ins. Group,* 45 Fed. Appx. 323 at *1 & n.12 (5th Cir. 2002).

Considering the aforementioned circumstances, the Court recommends that the Defendant's Motion to Dismiss [21] should be granted and this cause be dismissed pursuant to FED.R.CIV.P. 41(b), without prejudice.

## CONCLUSION

The Court recommends that the Defendant's Motion to Dismiss [21] should be granted, and that this cause be dismissed pursuant to Fed.R.Civ.P. 41(b), without prejudice. In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than September 3, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy

of this R&R has been mailed to Baldwin by certified mail, return receipt requested, at his last known address.

This the 19th day of August, 2013.

s/John M. Roper
CHIEF UNITED STATES MAGISTRATE JUDGE